| | | |
|---|---|---|
| STATE OF LOUISIANA | * | NO. 2022-K-0752 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| ARIANE MCGUFFEY | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 544-015, SECTION "F"
Honorable Robin D. Pittman, Judge
\* \* \* \* \* \*
**Chief Judge Terri F. Love**
\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Paula A. Brown, Judge Tiffany Gautier Chase)

Sarah Chervinsky
1820 Saint Charles Avenue, Suite 212
New Orleans, LA 70130

COUNSEL FOR DEFENDANT/RELATOR, ARIANE MCGUFFEY

**WRIT GRANTED; RELIEF DENIED**
**NOVEMBER 22, 2022**

This application for supervisory review arises from the recusal of the District Attorney's Office from defendant's case. Over a year after the recusal of the District Attorney's office, counsel for defendant filed an opposition to the recusal. The trial court found the opposition to be untimely and denied relief. Upon our review, we find that the trial court was correct. As such, the writ is granted, but relief is denied.

### *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

On January 4, 2019, a bill of information was filed against defendant, Ariane McGuffey, along with Raquan Johnson, charging them with second degree kidnapping, armed robbery with a firearm, and aggravated burglary. It is undisputed that from the time of the filing of the bill of information to present, Ms. McGuffey was represented by the same attorney. Mr. Johnson was represented by attorneys with the law firm of Jason Rogers Williams and Associates.

On July 25, 2019, the trial court granted Ms. McGuffey's motion to sever the co-defendants, given the State of Louisiana's notification that it planned to introduce the statement of one defendant against the other. Thereafter, in December 2020, Jason Williams was elected Orleans Parish District Attorney and

1

was sworn into office in January of 2021.

The DA's office filed a notice of recusal, seeking to be recused from the prosecution of this matter pursuant to La. C.Cr.P. art. 680(3) because the district attorney had "been employed or consulted in the case as attorney for the defendant before his election … as district attorney." On March 29, 2021, the trial court signed an order recognizing the recusal of the DA's office "from the prosecution of Raquan Johnson, and his co[-]defendant [Ariane McGuffey]" and ordering that the Attorney General for the State of Louisiana prosecute the case. Though no contradictory hearing was set in the matter, Ms. McGuffey, along with her counsel, received notice of the recusal at an April 1, 2021 pre-trial conference, as noted in the court minutes and the Docket Master. Ms. McGuffey lodged no objection to the trial court's March 29, 2021 ruling. It was not until September 8, 2022, over a year after the DA's office had been recused from the case, that Ms. McGuffey filed an opposition to the DA's notice of recusal and requested a contradictory hearing.

The trial court held a hearing regarding Ms. McGuffey's opposition to the March 29, 2021 Order recognizing the recusal of the DA's office from the prosecution of the State's case against Mr. Johnson and Ms. McGuffey. The trial court denied Ms. McGuffey relief because her opposition to the recusal was untimely. Specifically, the trial court stated:

> [T]his Notice of Recusal of the District Attorney appeared to have come before Judge Campbell, and she signed it on March 29th of 2021. There was no objection. There was no opposition as you're making to this Court, at this time, over a year later. There was no request for a contradictory hearing at that time, but you are making it a year later. In addition to that, what the record does contain is that Judge Campbell granted a recusal of the State of Louisiana, the District Attorney's office in the entire case.

2

>The minutes reflect that the State of Louisiana is recused in both Ariane McGuffey as well as the co-defendant Raquan Johnson. And so, for those reasons, your motion is denied.

Ms. McGuffey then filed a notice of intention to apply for supervisory writs and trial for Ms. McGuffey is scheduled for December 12, 2022.[1]

## *RECUSAL*

Ms. McGuffey contends that the trial court erred in rejecting her opposition to the recusal of the DA's office in her case because no grounds exist for recusal. As noted earlier, the basis of the DA's recusal was La. C.Cr.P. art. 680(3), which provides that a district attorney shall be recused if he or she "[h]as been employed or consulted in the case as attorney for the defendant before his election or appointment as district attorney." However, Ms. McGuffey maintains:

>Neither Jason Williams nor any of the associates at his law firm ever consulted or represented Ariane McGuffey. They did represent severed co-defendant Raquan Johnson, but Article 680 *does not* provide for recusal of the District Attorney from prosecuting all severed defendants in any case in which he previously represented one party. Furthermore, because Raquan Johnson has already pled guilty, he is not presently a defendant in this case. Therefore, 680(3) does not provide any legal basis for the recusal of the District Attorney from Ms. McCuffey's severed case.

However, the trial court did not reject Ms. McGuffey's argument because it found La. C.Cr.P. art. 680(3) applicable. The trial court denied relief because her opposition was untimely. As noted by the trial court in the per curiam filed with this Court:

>This Court will reiterate, defense counsel appeared before Judge Campbell while she was the presiding judge, and at no time while Judge Campbell was the presiding judge did defense counsel raise this opposition, request a hearing as to the handling of the recusal of the

---

[1] On June 21, 2022, codefendant, Mr. Johnson, entered guilty pleas to two counts of simple robbery. Sentencing in his case is presently set for December 19, 2022.

District Attorney's Office, or mention the fact that she had not received a copy of the notice or that a copy of the notice was not in the Court's record. In defense's writ, counsel acknowledges and states that at all times since the defendant's arrest in this matter, defense counsel has been the defendant's attorney. With defense counsel's acknowledgment, the defense had ample opportunity to raise this issue before now and failed to do so; therefore, this issue is untimely raised.

While Ms. McGuffey asserts that she was not afforded the opportunity to raise timely her objection because the DA's office did not file its notice of recusal into the record and a contradictory hearing was not held, it is clear that both Ms. McGuffey and her attorney were made aware of the recusal on April 1, 2021, when the recusal was noted at a pre-trial conference at which both were in attendance, as noted in the court's minutes and the Docket Master. The Attorney General's Office had been prosecuting the case for well over a year before lodging her "objection" to the DA's notice of recusal. With trial set for December 12, 2022, the trial court did not abuse its discretion by finding Ms. McGuffey's objection to the formerly-unopposed self-recusal notice by the district attorney untimely and likely dilatory in nature.[2] Accordingly, the writ is granted, but relief is denied.

**WRIT GRANTED; RELIEF DENIED**

---

[2] In the opposition filed in the trial court, the Attorney General's office concedes that there exist no allegations that the district attorney was "employed as consulted in this case as an attorney for the defendant . . . prior to his election." However, while the codefendant "has pled guilty, his case is still *open* as to sentencing in this case . . . ."